Dear Ms. Koury:
We are in receipt of your letter of September 12, 1995, in which you request our office to review documents regarding the amendment to the charter for the Town of Zwolle, Parish of Sabine, and advise your office as to whether the Governor should approve the amendment.
The Town of Zwolle has presented the following documentation to the Governor's office:
 1. A certified copy of Ordinance Number 7-95.1, 1995, adopted by the Town Council of Zwolle on May 11, 1995.
 2. An Affidavit of Publication of the ordinance in the Sabine Index, Many, Louisiana, attesting publication on June 7, 1995, June 14, 1995 and June 21, 1995.
 3. A statement from the Mayor that there have been no protests against the proposed charter amendment within thirty (30) days of publication.
The Mayor also submitted a copy of Ordinance Number 7-95.2, which amends the Code of Ordinances of the Town of Zwolle, for reference in this matter. The amendment to the charter provides for power of the council to punish all infractions of the law by imposing fines, imprisonment in local prisons or sentences to work on public streets and highways. The amendment specifically provides:
 The town council shall have power to punish all infractions of the law by imposing fines, imprisonments in local prisons, or sentences to work on public streets and highways; provided no fine in dollar amounts and no term of imprisonment shall ever exceed that which is not consistent with the constitution and laws of the United States and of this state, pursuant to Revised Statute 33:1181.
LSA-R.S. 33:1181 requires a local governing authority, having a population of two hundred thousand or less, in amending its' charter, to prepare the desired amendments in writing, have them published for three weeks in a newspaper in the municipality, and submit the proposed amendments to the governor, who shall submit them to the Attorney General for his opinion. The law further allows for a protest period of thirty days after publication.
Additionally, LSA-Const. Art. VI, § 5(E) provides:
 (E) Structure and Organization; Powers; Functions. A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
Section 9 of Article VI, provides:
 Section 9. (A) Limitations. No local governmental subdivision shall (1) define and provide for the punishment of a felony; or (2) except as provided by law, enact an ordinance governing private or civil relationships.
 (B) Police Power Not Abridged. Notwithstanding any provision of this Article, the police power of the state shall never be abridged.
Local law that is consistent with the constitution and general laws of this state and is enacted pursuant to a constitutionally maintained preexisting home rule charter, is a legal exercise of the powers of a home rule government. City of New Orleans v.Board of Com'rs of Orleans Levee Dist., 640 So.2d 237
(1994). Accordingly, it is the opinion of this office that the proposed amendment to the Charter for the Town of Zwolle, Ordinance No. 7-95.1, 1995, is consistent with the constitution and laws of the United States and of this state, and should be approved by the governor.
If we can be of further assistance in this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
ARL/pb
arl/opinion/ 95-406
DATE RECEIVED:
DATE RELEASED:
ANGIE ROGERS LaPLACE ASSISTANT ATTORNEY GENERAL